UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ZURCALED INTERNATIONAL, INC.,

                              Plaintiff,          Case No. 07 Civ. 4066 (LBS)

-against-

SCIENTIFIC GAMES CORPORATION,               **AFFIDAVIT OF**
SCIENTIFIC GAMES INTERNATIONAL, INC.,     **LARRY A. POTTS**
and SCIENTIFIC GAMES CORPORATION
INTERNATIONAL, INC.,

                              Defendants.

-----------------------------------------------------------X

**STATE OF NEW YORK  )**
                                :ss.:
**COUNTY OF NEW YORK )**

       Larry A. Potts, being duly sworn, deposes and says:

       1.     I am Vice President, Chief Compliance Officer, and Director of Security of Scientific Games Corporation ("SGC" or "Scientific Games"), a named defendant in this action. I have been employed by Scientific Games, with responsibility for compliance and security, since September 2004. All of the statements in this affidavit are made to the best of my personal knowledge, except where otherwise expressly indicated.

**The Parties**

       2.     Scientific Games International, Inc. ("SGI") is a wholly owned subsidiary of SGC. Both Scientific Games and SGI are Delaware corporations. The third named defendant, Scientific Games Corporation International, Inc., is not, and, to the best of my knowledge, never was, an entity of any kind.

3.  Paragraph 1 of the Complaint alleges that plaintiff Zurcaled International, Inc. ("Zurcaled") is a New Jersey corporation. A copy of the Complaint is attached, for the Court's convenience, as Exhibit A.

**The Complaint**

4.  The Complaint alleges, at ¶ 23, that "Zurcaled has complied with all of the terms of the Consulting Agreement...." At a minimum, Zurcaled did not comply with its contractual obligation to cooperate fully with SGI by providing it with the information that SGI deemed necessary or appropriate in connection with Zurcaled's conduct. Correspondence from Zurcaled's former legal counsel (the "Katz correspondence") confirms that Zurcaled refused to cooperate with SGI's review of conduct relating to the Puerto Rico Lottery contract, including the activities of Zurcaled and its controlling shareholder and principal, Ernesto de la Cruz ("de la Cruz"). Copies of the Katz correspondence are attached hereto as Exhibits B, C, and D.

**The Business of Scientific Games Corporation**

5.  Defendant Scientific Games Corporation is a publicly owned corporation whose shares of common stock are registered and traded on the NASDAQ National Market. Scientific Games, directly and through its subsidiaries and affiliates, including SGI, is a leading worldwide provider of services, systems, and products to the lottery and pari-mutuel wagering industries.

6.  Lottery contracts are typically awarded under state or other government-mandated public procurement regulations. Service providers are subject to extensive governmental regulation, requiring the licensure or certification of suitability of operating companies, key personnel and certain security holders.

7.  Scientific Games has an extensive compliance program governing the consultants with which it and its subsidiaries, including SGI, work in an effort to ensure compliance with

legal requirements imposed in connection with its wagering businesses, with laws and rules generally applicable to publicly traded corporations and anti-corruption statutes such as the Foreign Corrupt Practices Act, 15 U. S. C. §78dd-1, *et seq*. I am responsible for the day-to-day management and implementation of this compliance program under the direct supervision of the Chief Executive Officer and the Compliance Committee of the Scientific Games Board of Directors.

8. Scientific Games' compliance program extended to the Consulting Agreement with Zurcaled. In order to permit effective continuing compliance oversight over the performance of Zurcaled and Mr. de la Cruz, the Consulting Agreement specifically commits them both to full cooperation with SGI and its compliance processes. Paragraph 16(i) of the Consulting Agreement (annexed as exhibit A to the Complaint) provides, in pertinent part:

> Consultant [Zurcaled] specifically acknowledges that Company [SGI] is subject to the gaming and licensing requirements of various jurisdictions and is obliged to take reasonable efforts to determine the suitability of its business associates. Consultant agrees to cooperate fully with Company in providing it with any information, of whatever nature, that Company deems necessary or appropriate in assuring itself that Consultant possesses the good character, honesty, integrity, and reputation applicable to those engaged in the gaming industry ("Consultant Conduct") and specifically represents that there is nothing in Consultant's background, history, or reputation that would be deemed unsuitable under the standards applicable to the gaming industry.

**The Bid Process and Award of the Puerto Rico Lottery Contract**

9. As alleged in paragraph 10 of the Complaint, the Consulting Agreement relates to "a Request for Proposal for an online lottery/electronic public gaming network issued by the Commonwealth of Puerto Rico, Department of Treasury – Loteria Electronica."

10. On April 5, 2004, prior to the Treasury Department's announcement of an award of a contract, the newspaper *El Nuevo Dia* published an article in which the Secretary of the

Treasury confirmed that SGI and two other bidders were objects of a Treasury Department investigation concerning allegations of technical irregularities, sale of influence and the payment of improper political contributions to affect the selection process. A copy of the article, with certified translation, is attached hereto as Exhibit E.

11. The Lottery and SGI signed a contract in September 2004 calling for service to commence on March 16, 2005. *See* Complaint, ¶ 16.

12. Between April 5, 2005 and June 29, 2005 the Puerto Rican House of Representatives and Senate adopted three resolutions calling for an investigation concerning the switch from the prior provider to SGI. Copies of the resolutions, with certified translations, are attached hereto as Exhibits F, G, and H.

13. As established in the Katz correspondence, SGI's review relating to the above-described allegations pre-dated the adoption of the legislative resolutions. This review included an investigation of the contract award and the role, if any, of Zurcaled and Mr. de la Cruz in that award. As part of that review, an interview of Mr. de la Cruz was critical to determining whether the contract had been improperly awarded or whether the Company was at risk of such an accusation even if false. Officers of the Puerto Rico Lottery had, on being interviewed, denied any knowledge whatsoever of Mr. de la Cruz. Certain SGI employees learned from Mr. de la Cruz that he had contacts with various people, including people that Mr. de la Cruz had entertained on a private yacht, allegedly for a purpose related to obtaining the Lottery contract. SGI's employees, however, did not know with whom Mr. de la Cruz and Zurcaled had made such contacts or anything about the conversations between Mr. de la Cruz and any such person. The Katz correspondence confirmed those facts as well.

14. On or about March 3, 2005 an SGI representative sent a letter requesting Zurcaled's cooperation with respect to these allegations of misconduct. After detailing the nature and purpose of the inquiry, the letter (attached hereto as Exhibit I) requested

> that you make yourself available to be interviewed by Mr. Potts and our counsel, under oath, and with a stenographic record. Your counsel would be invited to attend and would have the right, upon the conclusion of SciGames' questioning, to ask questions of his own, to clarify, amplify or explain anything he or you consider should be clarified or explained. It is our expectation that you would answer all questions truthfully and to the best of your ability. For the sake of clarity, let me add that, as a matter of contract construction, we are of the opinion that Sections 6 and 16 of the Consulting Agreement contractually mandate the requested cooperation of Zurcaled and you on its behalf.

15. Through their counsel's letter of March 10, 2005 (attached hereto as Exhibit B), Zurcaled and de la Cruz refused to make themselves available for a recorded interview under oath.

16. Eleven days later, they again refused to answer all questions pertaining to the services performed by them and, in particular, to disclose the contacts that they utilized in performing their services. A copy of the March 21, 2005 letter containing this refusal is attached hereto as Exhibit C. Notice of breach by reason of Zurcaled's refusal of cooperation was given on SGI's behalf by letter dated April 6, 2005. By letter dated April 12, 2005 (copy attached hereto as Exhibit D) Zurcaled accepted the April 6 letter as a "notice of termination" rather than cure the breach by providing the requested information. Zurcaled also did not provide any of the information requested for SGI by letter dated May 5, 2005 (copy attached as Exhibit  ) concerning certain assertions contained in its April 12, 2005 letter.

17. Zurcaled never provided the information SGI requested nor made Mr. de la Cruz available as required.

NY #1162177 v5

18. Zurcaled's refusal to cooperate made it impossible for SGI to complete its review. In addition, the refusal further undermined SGI's ability to defend itself against the allegations. The ensuing delay also allowed the trails of evidence that SGI might have pursued from Mr. de la Cruz's answers to grow cold. In the absence of a complete factual defense to the allegations, SGC and SGI were vulnerable to both reputational and enforcement attacks and loss.

                                                                                                      _____
                                                                                      Larry A. Potts

Sworn to before me this
25th day of June, 2007

_____
Notary Public

DEBRA ARONOWITZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02AR6025668
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES SEPT. 07, 2008

6

NY #1162177 v5