UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x         ECF CASE

ZURCALED INTERNATIONAL, INC.,

                              Plaintiff,

              -against-                                                            Case No.: 07
                                                                                  Civ. 4066 (LBS)

SCIENTIFIC GAMES CORPORATION, SCIENTIFIC
GAMES INTERNATIONAL, INC. and SCIENTIFIC
GAMES CORPORATION INTERNATIONAL, INC.,

                              Defendants.

-----------------------------------------------------------------------x

### STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF PLAINTIFF ZURCALED INTERNATIONAL INC.'S REQUEST THAT DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

The material facts as to which Plaintiff Zurcaled International Inc. contends there is no genuine issue to be tried are as follows:

1. The parties entered into a written "Consulting Agreement" on December 10, 2003. (Plaintiff's Complaint, ¶ 10; Katz Aff. ¶ 1; Defendant's Memo of Law at 5).

2. The Consulting Agreement was properly executed and was valid and enforceable in accordance with its terms. (Plaintiff's Complaint, ¶ 23).

3. Pursuant to the terms of the Consulting Agreement, Zurcaled was to provide consulting services concerning defendants' response to a Request For Proposal ("RFP") for an online lottery issued by the Commonwealth of Puerto Rico. (Plaintiff's Complaint, Ex. A ¶1; Potts Aff. ¶ 9).

4. Under the Consulting Agreement Zurcaled was entitled to receive "3.5% of all remuneration actually received by Company ("Compensation"), without deduction, by

reason of all sales of online games (now known or hereinafter developed) sold through the Puerto Rico Lottery network ...." (Plaintiff's Complaint, Ex. A, ¶ 4.B).

5.  In accordance with the terms of the Consulting Agreement: "All Compensation to be paid to Consultant [Zurcaled] hereunder shall be fully earned by Consultant as of the date of the award of the Puerto Rico Lottery to [Scientific Games], notwithstanding that payment of such Compensation shall be payable at a later date." (Plaintiff's Complaint, Ex. A, ¶ 4.D.).

6. In accordance with the terms of the Consulting Agreement, Compensation continues "for as long as [Scientific Games], or any affiliate of, or successor to [Scientific Games], continues to derive revenues from the Puerto Rico Lottery or any successor thereto, whether public or private. Without limiting the foregoing, [Scientific Games] shall pay to [Zurcaled] Compensation from revenues derived by [Scientific Games] from the contract resulting from the award of the RFP and any extensions, renewals or modifications thereof." (Plaintiff's Complaint, Ex. A, ¶ 4.C).

7.  In accordance with the terms of the Consulting Agreement, "[n]o subsequent breach of the Agreement by [Zurcaled], expiration or termination of the Agreement (except only as provided in Section 16) or, death of Ernesto J. De La Cruz, shall effect [Zurcaled's] rights to the payment of Compensation." (Plaintiff's Complaint, Ex. A, ¶ 4.D).

8.  Zurcaled's services were to terminate "on the award of the RFP . . . ." (Plaintiff's Complaint, Ex. A, ¶ 1).

9.  Scientific Games was awarded the contract to provide online lottery services in Puerto Rico. (Plaintiff's Complaint, ¶ 16).

10. Defendants and Loteria Electronica entered into a contract on September 22,

2004.  (Plaintiff's Complaint, ¶ 16; Potts Aff. ¶ 11).

11. Plaintiff Zurcaled has performed all conditions precedent to Scientific Games' obligation to make payment pursuant to the Consulting Agreement. (Plaintiff's Complaint, ¶ 24).

12. Pursuant to the terms of the Consulting Agreement, defendants' only valid defense to their payment obligation to Zurcaled is if they terminated the Consulting Agreement because, "during the term of the [Consulting Agreement], [defendants] [were] notified by any regulatory agency that the conduct of business with [Zurcaled] will jeopardize [defendants'] license … because of improper Consultant conduct ." (Plaintiff's Complaint, Ex. "A". ¶ 16.i.)

13. Defendants were not notified by any regulatory agency that the conduct of business with Zurcaled jeopardized defendant's license or ability to be licensed because of improper conduct by plaintiff.

14. Exhibit "E" to the Potts Affidavit does not constitute notice by any regulatory agency, during the term of the Consulting Agreement, that the conduct of business with Zurcaled will jeopardize defendants' license or ability to be licensed because of the improper conduct of Zurcaled.

15. Exhibit "F" to the Potts Affidavit does not constitute notice by any regulatory agency, during the term of the Consulting Agreement, that the conduct of business with Zurcaled will jeopardize defendants' license or ability to be licensed because of the improper conduct of Zurcaled.

16. Exhibit "G" to the Potts Affidavit does not constitute notice by any regulatory

agency, during the term of the Consulting Agreement, that the conduct of business with Zurcaled will jeopardize defendants' license or ability to be licensed because of the improper conduct of Zurcaled.

17. Exhibit "H" to the Potts Affidavit does not constitute notice by any regulatory agency, during the term of the Consulting Agreement, that the conduct of business with Zurcaled will jeopardize defendants' license or ability to be licensed because of the improper conduct of Zurcaled.

18. A breach of the Consulting Agreement by Zurcaled, after the award of the RFP to defendants, does not constitute a defense to defendants' payment obligations under the explicit terms of the Consulting Agreement.  (Plaintiff's Complaint, ¶ 4.D.)

19. Even if plaintiff failed to cooperate as alleged by defendants (which it did not), and that conduct constituted a breach of the Consulting Agreement (which it does not), such breach does not constitute a defense to defendants' payment obligation under the explicit terms of the Consulting Agreement.  Plaintiff's Complaint, ¶4.D.

20. Defendants allegedly sought information from plaintiff in March of 2005, over five months after the RFP was awarded to defendant. (Potts Aff. ¶ 14). At that time, plaintiff's services to defendant were concluded and defendant was obligated to pay plaintiff pursuant to the agreement.

21. Defendants do not allege that it lost its license to conduct the Puerto Rico Lottery or that it was ever in jeopardy of losing its license or the Puerto Rico Lottery contract.

4

22. Defendants have breached the Consulting Agreement by failing to pay plaintiff for services performed pursuant to the explicit terms of the Consulting Agreement. (Plaintiff's Complaint ¶ 19).


Dated:    White Plains, New York
          August 3, 2007

                                        BARTELS & FEUREISEN, LLP
                                        Attorneys for Plaintiff Zurcaled
                                        International, Inc.

                          By:           _____
                                        David Feureisen (DF 0774)
                                        925 Westchester Ave.
                                        White Plains, NY 10604
                                        (914) 681-7175


W:\FIRMDOCS\ZURCALED\GENERAL\DB1028.DOC